IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CHARLES SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. |
| | ) | |
| SOO LINE RAILROAD COMPANY, | ) | **JURY DEMAND** |
| a For-Profit Foreign Corporation and a | ) | |
| subsidiary of Canadian Pacific | ) | |
| Railway, and CANADIAN PACIFIC | ) | |
| RAILWAY, a foreign corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT-AT-LAW

### COUNT I
### FEDERAL EMPLOYERS' LIABILITY ACT

NOW COMES the Plaintiff, CHARLES SCOTT, by his attorneys, SANDS &
ASSOCIATES, and complaining of the Defendants, SOO LINE RAILROAD COMPANY,
a For Profit Foreign Corporation and a subsidiary of Canadian Pacific Railway, and
CANADIAN PACIFIC RAILWAY, a foreign corporation, hereinafter collectively referred
to as "CP Rail," states:

### JURISDICTION

This action arises under a statute of the United States, to-wit: the Federal Employers'
Liability Act, Title 45, U.S.C.A., §§51-60, inclusive and that by reason of the employment
of the Plaintiff, CHARLES SCOTT, as a railroad employee by the Defendants, CP RAIL,
as hereinafter set forth, the Plaintiff is entitled to maintain this action against the Defendants

under the provisions of the Federal Employers' Liability Act and the amendatory and supplemental statutes of the Act.

1.    That on and prior to October 30, 2011, the Defendants, CP RAIL, were railroad corporations duly organized, existing and authorized to do business in various states including the States of Illinois and Indiana, and provided rail services including conveyance of freight for hire and further said railroad did own, maintain, operate, and control certain road beds, yards, locomotives, and other equipment and appurtenances located at and around the Bensenville Yard, in the Village of Franklin Park, County of Cook, and State of Illinois and in the City of Elkhart, County of Elkhart, State of Indiana did have trackage rights and interchange rights to operate at and around Elkhart, Indiana.

2.    That on October 30, 2011, the Plaintiff, CHARLES SCOTT, was employed by the Defendants, CP RAIL, as a locomotive engineer, and part or all of his duties were in the furtherance of interstate commerce and directly and closely affected such commerce, and their mutual rights and liabilities were governed by the provisions of the Federal Employers' Liability Act, and the Plaintiff brings this action under the specific provisions of this Act and the amendatory and supplemental statutes thereto.

3.    That on October 29 or October 30, 2011, the Defendants, CP RAIL, performed an inbound inspection and/or a daily inspection of the CP locomotive 8818 at its Bensenville Yard.

4.      That on October 30, 2011, the Plaintiff, CHARLES SCOTT, was working Job Number 240 and began to operate CP locomotive number 8818 while it was standing on track D1 in CP Rail's Bensenville Yard.

5.      That on October 30, 2011, while bringing his assigned locomotive and train from the Bensenville Yard to CP Rail's Elkhart Yard in Elkhart, Indiana, the engineer's seat back in which Plaintiff was seated collapsed causing the Plaintiff to fall back and strike his head against the locomotive cab panel.

6.      That the Plaintiff, CHARLES SCOTT, was acting at all times herein within the scope of his employment and in furtherance of the Defendants' business, and it was Defendants's non-delegable duty to exercise ordinary care to furnish Plaintiff with a reasonably safe place to work.

7.      That at the time and place aforesaid, the Defendants, CP RAIL, were guilty of one or more of the following acts or omissions in violation of the Federal Employer's Liability Act:

(a)      Carelessly and negligently failed to provide the Plaintiff with a reasonably safe place to work;

(b)      Carelessly and negligently failed to maintain and keep in good condition the engineer's seat on locomotive 8818;

(c)      Carelessly and negligently failed to inspect the engineer's seat on locomotive 8818;

(d)      Carelessly and negligently failed to have its mechanical department inspect the engineer's seat on locomotive 8818;

(e)    Carelessly and negligently failed to warn Plaintiff of the dangerous and unsafe condition of the engineer's seat on locomotive 8818, when the Defendants knew or in the exercise of ordinary care should have known, of both the risk of harm and unsafe condition of its engineer's seat;

(f)    Carelessly and negligently permitted the engineer's seat on locomotive 8818 to be and remain in an unsafe and dangerous condition;

(g)    Carelessly and negligently failed to keep its locomotive systems and components free of conditions that endanger the safety of the crew, locomotive or train by providing a locomotive seat that with an insecure attachment in violation of the Federal Railroad Administration Code of Federal Regulations 49 C.F.R. §229.45 General Condition; and/or

(h)    Carelessly and negligently failed to provide the Plaintiff a locomotive seat that was not securely mounted and braced in violation of the Federal Railroad Administration Code of Federal Regulations 49 C.F.R.229.119(a).

8.    That as a direct result of one or more of the aforesaid wrongful acts or omissions and statutory violations of the Defendants, CP RAIL, the Plaintiff, CHARLES SCOTT, sustained injuries to his head, back, buttock, neck, knees, shoulder, and other parts of his body, causing him to experience great pain and suffering which he will continue to experience in the future; that he was caused to and will continue to expend sums of money in endeavoring to be cured of his injuries; that he has been and in the future will be deprived from attending to his usual affairs and occupations thereby losing large amounts of earnings past and future.

WHEREFORE, the Plaintiff, CHARLES SCOTT, demands judgment against the Defendants, SOO LINE RAILROAD COMPANY, a For Profit Foreign Corporation and a subsidiary of Canadian Pacific Railway, and CANADIAN PACIFIC RAILWAY, a foreign

corporation, in an amount in excess of Seventy-five Thousand Dollars ($75,000.00), plus costs of this suit.

## COUNT II
## (THE LOCOMOTIVE INSPECTION ACT)

NOW COMES the Plaintiff, CHARLES SCOTT, by his attorneys, SANDS & ASSOCIATES, and complaining of the Defendants, SOO LINE RAILROAD COMPANY, a For Profit Foreign Corporation and a subsidiary of Canadian Pacific Railway, and CANADIAN PACIFIC RAILWAY, a foreign corporation, hereinafter collectively referred to as "CP Rail," states:

### JURISDICTION

This action arises under a statute of the United States to-wit: the Federal Employers' Liability Act, Title 45, U.S.C.A., §§51-60, inclusive, and the Locomotive Inspection Act, Title 49 U.S.C.A., §§ 20701 - 20702 inclusive (formerly the Boiler Inspection Act, Title 45 U.S.C.A., §23) and that by reason of the employment of the Plaintiff, CHARLES SCOTT, as a railroad employee of the Defendants, CP RAIL, as hereinafter set forth, the Plaintiff is entitled to maintain this action against the Defendants under the provisions of the Federal Employers' Liability Act and the Locomotive Inspection Act (formerly the Boiler Inspection Act) and the amendatory and supplemental statutes thereto and thereof.

### THE ACTION

Pursuant to Locomotive Inspection Act, 49 U.S.C.A. §20701, a "railroad carrier may use or allow to be used a locomotive or tender on its railroad line only when the

locomotive or tender and its parts and appurtenances are in proper condition and safe to operate without unnecessary danger of personal injury."

That on and prior to October 30, 2011, the Defendants, CP RAIL, were railroad corporations duly organized, existing and authorized to do business in various states including the States of Illinois and Indiana, and provided rail services including conveyance of freight for hire and further said railroad did own, maintain, operate, and control certain road beds, yards, locomotives, and other equipment and appurtenances located at and around the Bensenville Yard, in the Village of Franklin Park, County of Cook, and State of Illinois and in the City of Elkhart, County of Elkhart, State of Indiana did have trackage rights and interchange rights to operate at and around Elkhart, Indiana.

## ALLEGATIONS

1.      That on October 30, 2011, the Plaintiff, CHARLES SCOTT, was employed by the Defendants, CP RAIL, as a locomotive engineer, and part or all of his duties were in the furtherance of interstate commerce and directly and closely affected such commerce, and their mutual rights and liabilities were governed by the provisions of the Federal Employers' Liability Act and the Locomotive Act (formerly the Boiler Inspection Act), and the Plaintiff brings this action under the specific provisions of said Acts and the amendatory and supplemental statutes thereto and thereof.

2.      That on October 30, 2011, the Plaintiff, CHARLES SCOTT, was working Job Number 40 and began to operate CP locomotive number 8818 while it was standing on track D1 in CP Rail's Bensenville Yard.

-6-

3.      That at the time and place aforesaid, CP RAIL's locomotive 8818 was not in proper condition and safe to work on without unnecessary danger of personal injury because the engineer's seat back on locomotive 8818 collapsed while Plaintiff was sitting in the engineer's seat operating the locomotive while the train was enroute from Bensenville to Elkhart, Indiana.

4.      The engineer's seat on locomotive 8818 as of October 30, 2011 was allowed and permitted to remain in an unsafe condition, to-wit: the seat back on said locomotive collapsed while being used for its intended purpose.

5.      That on October 30, 2011, Defendant further violated the Locomotive Inspection Act, 49 C.F.R. 229.45, by failing to keep its locomotive systems and components free of conditions that endanger the safety of the crew, locomotive or train by providing a locomotive seat with an insecure attachment.

6.      That on October 30, 2011, Defendants further violated the Locomotive Inspection Act, 49 C.F.R. 229.119(a), by failing to provide a locomotive cab seat that was securely mounted and braced.

7.      That as a direct and proximate result of one or more of the aforesaid wrongful acts or omissions and statutory violations of the Defendants, CP RAIL, and by reason of the defective and dangerous condition of the aforesaid engine and its parts and appurtenances, specifically the engineer's seat in violation of the provisions of the Locomotive Act, the Plaintiff, CHARLES SCOTT, sustained serious, disabling and permanent injuries to his head,

back, neck, knees, shoulder, and other parts of his body, causing him to experience great pain and suffering which he will continue to experience in the future. That he was caused to and will continue to expend sums of money in endeavoring to be cured of his injuries; that he has been and in the future will be deprived from attending to his usual affairs and occupations thereby losing large amounts of earnings and benefits past and future.

## STIPULATION

On July 22, 2013, John C. Duffey, attorney for the Defendants, Soo Line Railroad Company d/b/a Canadian Pacific Railway, signed a Stipulation admitting it violated the Locomotive Inspection Act as alleged above. See Stipulation attached hereto as Exhibit A.

WHEREFORE, the Plaintiff, CHARLES SCOTT, demands judgment against the Defendants, SOO LINE RAILROAD COMPANY, a For Profit Foreign Corporation and a subsidiary of Canadian Pacific Railway, and CANADIAN PACIFIC RAILWAY, a foreign corporation, in an amount in excess of Seventy-five Thousand Dollars ($75,000.00), plus costs of this suit.

Respectfully submitted:

SANDS & ASSOCIATES

By: _____
       Scott C. Sands

Sands & Associates
Scott C. Sands, Esq.
Attorneys for Plaintiff
230 W. Monroe St., #1900
Chicago, IL 60606
312-236-4980
scsands@ameritech.net

-8-



IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

CHARLES SCOTT             )
                           )
      Plaintiff,          )
                           )    No. 2012 L 010940
vs,                       )
                           )
SOO LINE RAILROAD COMPANY,  )
d/b/a CANADIAN PACIFIC       )
RAILWAY, a foreign corporation,  )
                           )
      Defendant.        )

## STIPULATION

Defendant, Soo Line Railroad Company d/b/a Canadian Pacific Railway ("CP Rail"), by

counsel, files a Stipulation with the Court, as follows:

CP Rail admits that it violated Locomotive Inspection Act regulation 49 C.F.R. §

229.119(a), which requires cab seats to be securely mounted and braced.  CP Rail admits that

this violation caused Mr. Scott's locomotive cab seat to break on October 30, 2011.  CP Rail

disputes medical causation and the nature and extent of Mr. Scott's claimed injuries and

damages.

John C. Duffey
Cook County Registration No. 54047
STUART & BRANIGIN LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Telephone: (765) 423-1561
Telecopier: (7765) 742-8175
*Attorney for Soo Line Railroad Company*
*d/b/a Canadian Pacific Railway*



PLAINTIFF'S
EXHIBIT

A

## CERTIFICATE OF SERVICE

I certify that on the 19th day of July, 2013, service of a true and complete copy of the above and foregoing pleading or paper was made upon:

Scott Sands
Sands & Associates
33 N. Dearborn Street, #1621
Chicago, IL 60602

by depositing the same in the United States mail in an envelope properly addressed and with sufficient first-class postage affixed.

John C. Duffey

#662709

2